TO BE PUBLISHED

# Supreme Court of Kentucky FINAL DATE 11/13/19 JAF

### 2019-SC-000593-KB

WILLIAM JOSHUA BROWN                                                    MOVANT

V.                                    IN SUPREME COURT

KENTUCKY BAR ASSOCIATION                                          RESPONDENT

## OPINION AND ORDER

William Joshua Brown, Kentucky Bar Association ("KBA") Member Number 94023, whose bar roster address is 360 Bluebird Lane, Frankfort, Kentucky 40601, seeks restoration of his license to practice law after a non-disciplinary suspension for non-payment of dues. The KBA Board of Governors ("Board") referred the matter to the Character and Fitness Committee, which recommended restoration. On September 20, 2019, the Board of Governors considered the application for restoration and recommended approval of Brown's application. For the reasons set forth below, we agree with the Board and restore Brown to the practice of law.

## I. BACKGROUND

Brown was admitted to the Kentucky Bar on April 18, 2011. In mid-2015, he left the practice of law in Kentucky and moved to Florida. He did not withdraw from the KBA. On January 20, 2017, he was suspended by Order of the KBA for non-payment of KBA dues for the July 1, 2016 to June 30, 2017 fiscal year. On September 27, 2018, Brown timely filed an application for restoration pursuant to Supreme Court Rule ("SCR") 3.500(1). Included with his application was the required payment of $1,380.00, which included a $350.00 filing fee, $930.00 in back dues, a $50.00 late fee, and a $50.00 costs fee. Brown also included a Continuing Legal Education ("CLE") certification through June 30, 2019. At the time that Brown filed his application, there were no disciplinary proceedings pending against him, and he had not been the subject of claims against the Client Security Fund.

The Board reviewed Brown's application for restoration and referred the matter to the Character and Fitness Committee pursuant to SCR 3.500(2)(d). In its referral, the Board noted two concerns: First, Brown had answered "No" when asked in his application, "Have you ever had any disciplinary proceedings against you by any group or profession?" However, Brown was the respondent in a 2016 disciplinary case in which he received a private admonition for violations of SCR 3.130(1.3), (1.4)(a)(3), and (1.16)(d). These violations arose from his retention in a divorce matter and his failure to timely act or communicate with his client in that matter. In addition, during that disciplinary proceeding, Brown made disparaging comments about the

2

Kentucky justice system. The Office of Bar Counsel advised the Board of these matters in response to Brown's application for restoration. It recommended that the Board refer the matter to the Character and Fitness Committee out of concerns for Brown's lack of candor in the application, as well as his emotional stability. The Board voted to refer the matter to the Character and Fitness Committee to conduct further proceedings as authorized by SCR 2.040 and SCR 2.011.

The Character and Fitness Committee issued its Findings of Fact, Conclusions of Law, and Recommendation on August 19, 2019. The Committee explained that it had discussed with Brown his answer of "No" in response to the question concerning disciplinary proceedings. Brown explained that he thought the question referred to disciplinary proceedings other than the then-resolved 2016 disciplinary matter. The Committee accepted Brown's answer as honest and straightforward, and it did not feel that the answer raised any concerns about Brown's candor. The Committee also noted that Brown had sent a letter expressing regret for his actions and acknowledging that he had acted "rashly" and in an "improper" fashion.

The Committee's Recommendation also detailed Brown's two separate disciplinary proceedings. In addition to the 2016 disciplinary matter referenced above, Brown also received a private admonition in 2019, during the pendency of this restoration proceeding. That matter resulted from Brown's pro se representation in a family court action involving his children. In that action, he obtained a subpoena duces tecum, listing himself as the requesting

3

attorney. Both the KBA and Brown reported this matter to the Character and Fitness Committee. Ultimately, Brown received a private admonition for misrepresenting himself as an attorney in good standing when he was actually acting pro se while under suspension. Both the 2016 and 2019 admonitions explained that the conduct at issue did not warrant a greater degree of discipline than a private admonition.

After considering these matters, the Character and Fitness Committee found that (1) Brown had complied with the terms of his suspension, though he would need additional CLE hours for the current year and to be re-certified for CLE before being restored to membership;[1] (2) Brown met the burden to establish that he is both fit and worthy of the public trust, as evidenced by reference letters tendered by three other attorneys and Brown's own letter to the Committee; and (3) Brown met the burden to show that he presently exhibits good moral character, as evidenced by the reference letters and Brown's recognition of his previous poor behavior and his intention not to repeat such behavior. On this last point, the Committee acknowledged the two private admonitions against Brown. However, because neither incident warranted a greater degree of discipline than a private admonition, the Committee did not believe that these admonitions should preclude or delay restoration of Brown's license. The Committee therefore determined that Brown met the standards required for restoration and recommended approval.

---

[1] Brown has since obtained the requisite CLE credits through the June 30, 2020 year.

4

Having received the Character and Fitness Committee's recommendation, the Board again considered Brown's application on September 20, 2019. The Board accepted the Committee's findings that Brown complied with the terms of his suspension (including obtaining all requisite CLE credits), is both fit and worthy of the public trust, and presently exhibits good moral character. Accordingly, by an 18-0 vote, the Board concluded that Brown meets the standards required for restoration and recommended approval of his application for restoration.

## II. ANALYSIS

Under SCR 3.500(1), "[a] former member who . . . was suspended for failure to pay dues as provided by SCR 3.050 . . . may be restored to membership upon compliance with the conditions set forth in this rule." The rule requires that the former member submit an application and filing fee, as well as all unpaid dues, a certificate from the Office of Bar Counsel that the former member has no pending disciplinary matters, and a certificate from the Director of Continuing Legal Education. Upon reviewing the application materials, the Board may restore the applicant's membership or refer the matter to the Character and Fitness Committee for proceedings pursuant to SCR 2.040 and SCR 2.011. Under these provisions, the Committee determines whether the applicant is of "good moral character," which includes "qualities of honesty, fairness, responsibility, knowledge of the laws of the state and the nation and respect for the rights of others and for the judicial process." SCR 2.011(1). The Committee also determines whether the applicant exhibits

present fitness to practice law, which involves an "assessment of mental and emotional health as it affects the competence of a prospective lawyer." SCR 2.011(2).

In this case, the Character and Fitness Committee determined that Brown was of good moral character and fit to practice law. The Committee reached this conclusion after careful consideration of Brown's candor and emotional stability, as well as his remorse for his past behaviors. The Committee also considered his 2016 and 2019 private admonitions, ultimately concluding that these disciplinary proceedings should not delay or bar Brown's restoration. The Board of Governors accepted the Committee's findings and unanimously recommended restoration of Brown's membership. Having reviewed the recommendations of the Committee and Board, we agree and hereby restore Brown to the practice of law.

ACCORDINGLY, IT IS HEREBY ORDERED THAT:

1. William Joshua Brown's application for restoration without examination is GRANTED;

2. Brown must pay current membership dues;

3. Pursuant to SCR 3.500(4), Brown shall pay the costs of this proceeding in the amount of $232.81. Brown shall also pay the costs incurred by the

Character and Fitness Committee in the amount of $45.30.

All sitting. All concur.

ENTERED: October 31, 2019.

CHIEF JUSTICE